UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DENNIS ANTHONY LEVY, | ) | CASE NO. 25-14814 |
| | ) | |
| DEBTOR. | ) | HON. DEBORAH L. THORNE |

**NOTICE OF MOTION**

To:  See attached list

PLEASE TAKE NOTICE that on **Wednesday, January 21, 2026, at 1:00 p.m.**, I will appear before the Honorable Deborah L. Thorne or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the *U.S. Trustee's Motion To Convert Or Dismiss Chapter 11 Case*, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **160 9362 1728** and no passcode is needed**.** The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

                                                                                    */s/ Spencer Ezell*
                                                                                     Spencer Ezell, Attorney
                                                                                     Office of the United States Trustee
                                                                                     219 South Dearborn, Room 873
                                                                                     Chicago, Illinois 60604
                                                                                     (202) 702-6338
                                                                                     spencer.ezell@usdoj.gov

# CERTIFICATE OF SERVICE

I, Spencer Ezell,

☒ an attorney, certify

- or -

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that on December 30, 2025, I served a copy of this notice, attached motion, and proposed order on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail on all other entities shown at the addresses listed below.

*/s/ Spencer Ezell*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice For Registrants**

- **Paul M. Bach**      paul@bachoffices.com  pnbach@bachoffices.com
  bachecf@gmail.com  bach.paulm.b122358@notify.bestcase.com
- **Penelope N Bach**   pnbach@bachoffices.com  bachecf@gmail.com
  paul@bachoffices.com  bachpr57277@notify.bestcase.com
  bach.penelopen.b122358@notify.bestcase.com
  bachpr57277@notify-prod.bestcase.com
- **Adam G. Brief**     Ustpregion11.es.ecf@usdoj.gov
- **Scott H. Kenig**    skenig@randall-law.com
- **Todd J Ruchman**    amps@manleydeas.com
- **Janice H Seyedin**  jseyedin@janiceseyedininc.com  Jseyedin@ecf.axosfs.com

**Parties Served via First Class Mail:**

Dennis Anthony Levy
2006 Brummel Street
Evanston, IL 60202

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DENNIS ANTHONY LEVY, | ) | CASE NO. 25-14814 |
| | ) | |
| DEBTOR. | ) | HON. DEBORAH L. THORNE |

## U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Adam G. Brief, Acting United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Spencer C. Ezell, hereby moves this Court to enter an order converting the above-captioned Chapter 11 case to Chapter 7 or, in the alternative, dismissing the case. In support of his motion, the U.S. Trustee states to the Court as follows:

### JURISDICTION

1. The Court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C. § 157(b)(2)(A) and IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee makes this request pursuant to 11 U.S.C. § 1112(b)(1).

### BACKGROUND

4. Dennis Anthony Levy (the "Debtor") initiated this case on September 25, 2025 (the "Petition Date") by filing a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. *Dkt. 1*.

3

5. Since the Petition Date, the Debtor has remained in possession and control of his assets and continues to manage his affairs pursuant to Section 1184 as a debtor-in-possession.

6. On September 26, 2025, Janice Seyedin was appointed as the Subchapter V Trustee. *Dkt. 6*.

7. The Debtor's deadline to file a plan in this case was set for December 24, 2025. *See dkt. 1*; *see also* 11 U.S.C. § 1189.

8. As of the filing of this motion, the Debtor has not filed a Subchapter V plan and has not filed a motion to extend its filing deadline.

9. For the reasons set forth below, the Debtor has failed to timely file a plan, which constitutes cause to convert or dismiss this case. Also, the Debtor has failed to timely file monthly operating reports, which further constitutes cause to convert or dismiss.

### LEGAL ARGUMENT

**A. The Debtor has Failed to Timely File a Plan**

10. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

11. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in Section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

12. Subsection (b) of Section 1112 enumerates 16 examples of events or conduct that constitute cause, which includes:

> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

11 U.S.C. § 1112(b)(4)(J).

13. Section 1189 of the Code states that Subchapter V debtors must file a plan not later than 90 days after the order for relief. 11 U.S.C. § 1189(b).

14. That section further provides that "the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." *Id*.

15. Here, the Debtor filed its voluntary petition under Subchapter V of Chapter 11 of the Code on September 25, 2025. *Dkt. 1*.

16. The Debtor's deadline to file a plan was December 24, 2025. *See* 11 U.S.C. § 1189; *see also dkt. 1*.

17. As of the filing of the instant motion, the Debtor has not filed a plan. The Debtor has not filed a motion seeking to extend the deadline to file its plan.

18. Therefore, since the Debtor failed to timely file a plan and has not received an extension of its deadline to do so, the Debtor has failed to file a plan within the time fixed by Title 11 of the United States Code. *See* 11 U.S.C. § 1112(b)(4)(J).

19. The Debtor's failure to timely file a plan constitutes "cause" to convert or dismiss this case.

### B. The Debtor has Failed to Timely File Monthly Operating Reports

20. Section 1112(b)(1) of the Bankruptcy Code provides, in relevant part:

5

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

21.   Section 1112(b)(4)(F) states that "cause" to convert or dismiss a Chapter 11 debtor includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F).

22.   It is well established that a debtor's failure to submit monthly operating reports is "cause" to convert or dismiss a case. *In re Aurora Memory Care LLC*, 589 B.R. 631, 640 (Bankr. N.D. Ill. 2018). "Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Monthly operating reports "are the life blood of chapter 11 . . . enabling creditors to keep tabs on the debtor's post-petition operations." *Id.* A debtor's failure to file monthly operating reports – and file them timely – is "a serious breach of the debtor's fiduciary obligations and undermines the Chapter 11 process." *In re Aurora Memory Care LLC*, 589 B.R. at 639 (citing *In re Rey*, 2006 Bankr. LEXIS 1803, 2006 WL 2457435, at *8 (Bankr. N.D. Ill. Aug. 21, 2006)).

23.   A debtor-in-possession, as the Debtor herein, has a fiduciary obligation to its creditors to file the reports on time, and "[n]either the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed on it." *In re Berryhill*, 127 B.R. at 433.

24.   As of the filing of this motion, the Debtor has failed to file operating reports for October and November 2025.

6

25. The Debtor's failure to timely file monthly operating reports is cause to convert or dismiss this case.

## CONCLUSION

26. The Debtor's plan was due on or before December 24, 2025. As of the filing of this motion, the Debtor has not filed a plan. The Debtor has not moved this Court for an extension to its deadline to file a plan.

27. The Debtor has not timely filed its monthly operating reports for October and November 2025.

28. As a result of the foregoing, the U.S. Trustee requests that this case be converted or dismissed for cause shown.

29. Due to the assets and liabilities disclosed in the Debtor's schedules, the U.S. Trustee recommends that the case be converted to Chapter 7.

**WHEREFORE,** the U.S. Trustee respectfully asks this Court for an order converting this case to Chapter 7 or, in the alternative, dismissing the case, and for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

ADAM G. BRIEF
ACTING UNITED STATES TRUSTEE

DATED: December 30, 2025

/s/Spencer C. Ezell
Spencer C. Ezell, Trial Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois 60604
202-702-6338
spencer.ezell@usdoj.gov